**Reza EHTESHAMFAR, Claimant, Appellant,**

v.

**UTA ENGINEERED SYSTEMS DIV., Employer, and CIGNA, Insurance Carrier, Appellees.**

No. 95–1506.

Supreme Court of Iowa.

Oct. 23, 1996.

Rehearing Denied Nov. 18, 1996.

Thomas M. Wertz, Cedar Rapids, for appellant.

Harry W. Dahl, Jr., Des Moines, for appellees.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

HARRIS, Justice.

Tinnitus is an affliction which causes a person to experience false auditory sensations, perceiving ringing sounds when no sounds exist. The industrial commissioner characterized this condition to be a hearing loss, not a separate injury to the body as a whole. We think this determination was a misapplication of law.

Petitioner Resa Ehteshamfar worked for respondent UTA Engineered Systems Division [hereinafter UTA] from June 1973 until February 1991. He both developed tinnitus and experienced a hearing loss, and eventually had to leave his employment when he could no longer tolerate the noise to which he was exposed at UTA.

Ehteshamfar filed a claim for workers' compensation benefits. Following a hearing the deputy industrial commissioner found Ehteshamfar suffered an injury that arose out of and in the course of his employment at UTA. He further found that Ehteshamfar's tinnitus was compensable as a permanent impairment to the body as a whole and not a component of occupational hearing loss under Iowa Code chapter 85B (1995) or hearing loss in the schedule set forth in Code section 85.34(2)(r). The deputy found Ehteshamfar's condition caused a 100% loss of earning capacity. He did not award benefits for a short period because he found Ehteshamfar had refused to submit to medical evaluation pursuant to Iowa Code section 85.39.

UTA and CIGNA, its insurance carrier, appealed and Ehteshamfar cross-appealed. The industrial commissioner found Ehteshamfar failed to show an injury to the body as a whole, stating "[t]innitus is found to be another aspect of hearing loss and not a separate condition." The commissioner thus ruled Ehteshamfar's tinnitus was only compensable pursuant to Code chapter 85B, the occupational hearing loss statute. The commissioner affirmed that portion of the deputy commissioner's decision denying benefits pursuant to Code section 85.39.

UTA and CIGNA sought judicial review and Ehteshamfar cross-appealed for judicial review. The district court found Ehteshamfar's hearing loss and tinnitus resulted from exposure to excessive noise levels at UTA and therefore arose out of and in the course of his employment. It affirmed the commissioner's determination that the tinnitus should be compensated as a hearing loss, not as an injury to the body as a whole. The court also affirmed the commissioner's suspension of benefits from July 29 to September 29, 1993. The matter is before us on Ehteshamfar's appeal and upon a cross-appeal by UTA and CIGNA.

I. Judicial review of an industrial commissioner's decision is accorded by Iowa Code section 86.26. Standard of review is thus the one provided for agency action under Iowa Code section 17A.19. We reverse, modify or grant other appropriate relief only if the agency action is affected by error of law or is unsupported by substantial evidence in the record. Iowa Code § 17A.19(8); *Squealer Feeds v. Pickering,* 530 N.W.2d 678, 681 (Iowa 1995). Evidence is substantial if a reasonable mind would find it adequate to reach the same conclusion. *2800 Corp. v. Fernandez,* 528 N.W.2d 124, 126 (Iowa 1995). An agency's decision does not lack substantial evidence merely because inconsistent conclusions can be drawn from the same evidence. *Id.*

II. We summarily affirm on one of Ehteshamfar's two assignments and also on the cross-appeal. As mentioned, Ehteshamfar's workers' compensation benefits were suspended for a number of weeks pursuant to Iowa Code section 85.39 when he failed to submit to a physical examination at the request of UTA. *See McCormick v. North Star Foods, Inc.,* 533 N.W.2d 196, 198–99 (Iowa 1995) (holding workers' compensation benefits should be suspended, rather than forfeited, for a worker's refusal to submit to a medical examination under Code section

85.39). Ehteshamfar's only excuse for his refusal is that he was without legal representation at the time. We agree with the district court that the commissioner correctly rejected this excuse. Suspension of the benefits was appropriate.

■ We also affirm on UTA's cross-appeal which challenges the commissioner's finding that the tinnitus and hearing loss arose out of and in the course of Ehteshamfar's employment. Because substantial evidence supports the finding, it is binding on judicial review.

III. Ehteshamfar claims the district court erred as a matter of law when it upheld the industrial commissioner's ruling that his tinnitus condition was compensable only as an aspect of his occupational hearing loss under Code chapter 85B, and was not compensable as an impairment to the body as a whole under Code section 85.34(2)(u). Ehteshamfar argues his tinnitus condition should be compensated under Code section 85.34(2)(u) because tinnitus is a separate and distinct injury from occupational hearing loss. The parties agree this question is a legal one, not a factual one.

■ Workers' compensation law is statutory and certain well-recognized principles control its construction. Workers' compensation statutes must be construed according to the language the legislature has chosen. *Comingore v. Shenandoah Artificial Ice*, 208 Iowa 430, 437, 226 N.W. 124, 127 (1929); *Hartman v. Clarke County Homemakers*, 520 N.W.2d 323, 327 (Iowa App.1994). We interpret the workers' compensation statute "broadly and liberally because its purpose is for the benefit of the workers." *2800 Corp.*, 528 N.W.2d at 130. The clear words and phrases found in the statutes must be given their plain meaning. *Peterson v. Schwertley*, 460 N.W.2d 469, 471 (Iowa 1990).

Expert medical testimony in the record is unanimous in supporting Ehteshamfar's contention that tinnitus should not be classified as a hearing loss. Dr. Tyler, the expert retained by Ehteshamfar, and Dr. Updegraff,

the expert retained by UTA, both testified that tinnitus is defined as "the perception of a sound without the actual physical presence of an external sound." One authority gives tinnitus the following definition:

> Besides deafness, the other major hearing disorder disease of the cochlea and the eighth cranial nerve is tinnitus, a very common symptom thought to be experienced by more than 37 million Americans. The term tinnitus denotes sounds originating in the ear (rather than in the external world) that may be ringing, buzzing, humming, whistling, roaring, hissing, clicking or chirping in character.

Rosco N. Gray & Louise J. Gordy, *Attorneys' Textbook of Medicine* § 84.63 (3d ed.1996) (citation omitted).

■ Hearing loss, on the other hand, involves the loss of the sensation of sound. "Occupational hearing loss" under the Iowa Code is defined as "permanent sensorineural loss of hearing in one or both ears in excess of twenty-five decibels." Iowa Code § 85B.4(1). Tinnitus thus falls outside the statutory definition of an occupational hearing loss. It is *not* a "sensorineural loss of hearing in one or both ears" because tinnitus does *not* cause a person to be unable to hear; instead tinnitus causes a person to perceive sounds that do not exist. For the same reason tinnitus does not qualify for compensation under Iowa Code section 85.34(2)(r) (loss of hearing other than occupational).

Tinnitus and hearing loss "frequently" occur together. *Attorneys' Textbook of Medicine* § 84.63. But joint occurrence is far from inevitable because, as the medical testimony made clear, noise-induced hearing loss is often not accompanied by tinnitus and tinnitus can be present without hearing loss.

■ Because tinnitus does not qualify under Code section 85B.4 (occupational hearing loss) nor Code section 85.34(2)(r) (scheduled hearing loss), it should be compensated under Code section 85.34(2)(u), the section for all other cases of permanent partial disability.[1] The judgment of the district court must

---

1. Iowa Code § 85.34(2)(u) provides:
   In all cases of permanent partial disability other than those hereinabove described or re-

ferred to in paragraphs *"a"* through *"t"* hereof, the compensation shall be paid during the number of weeks in relation to five hundred

be reversed in part and the case remanded to the industrial commissioner for a determination of benefits.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED ON THE APPEAL; AFFIRMED ON THE CROSS-APPEAL.**

weeks as the disability bears to the body of the injured employee as a whole.