Lucio **CHAPA**, Appellant,

v.

**JOHN DEERE OTTUMWA WORKS**, Appellee.

No. 01–1361.

Supreme Court of Iowa.

Oct. 9, 2002.

Vern M. Ball of Lynch Law Office, Bloomfield, for appellant.

Joseph A. Quinn of Nyemaster, Goode, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for appellee.

NEUMAN, Justice.

The appellant, Lucio Chapa, suffers from a disabling hearing disorder called tinnitus. On this appeal from the denial of his claim for workers' compensation benefits, the only question is whether the district court correctly affirmed the commissioner's finding that Chapa's claim is barred by the statute of limitations, Iowa Code section 85.26(1) (1997). Finding no error, we affirm.

## I. Background Facts and Proceedings.

The facts are undisputed. Chapa worked for the appellee, John Deere Ottumwa Works, for thirty years. He was regularly exposed to factory noise. Chapa officially retired from Deere on December 31, 1995, although his last day of work was December 8, 1995.

Routine audiometric testing revealed that Chapa sustained some hearing loss over the years, but never enough to qualify for compensation. In 1997, after Chapa had retired, a doctor diagnosed the ringing in his ears as tinnitus. He advised that the condition was most likely related to Chapa's employment in a noisy factory.

Chapa filed a claim for a cumulative, work-related injury on December 24, 1997. His petition described the nature of his disability as "permanent hearing loss in upper tones and ringing in his ears." Just prior to the hearing on his claim, Chapa amended his petition to seek benefits only for the tinnitus. Thereupon counsel for Deere was permitted to raise a statute of limitations defense on the ground Chapa's claim was not filed within two years of the date of injury as required by Iowa Code section 85.26(1).

At the hearing on Chapa's claim, it became evident that his counsel was unaware that Chapa's last date of work was December 8, 1995, not December 31, 1995 (his official retirement date). So counsel sought relief under the discovery rule, insisting that Chapa did not become aware of the work-related nature of his condition until the diagnosis of tinnitus in 1997. Deere countered that Chapa was well aware of his condition and its probable connection to his work by 1983.

A deputy commissioner, affirmed on interagency appeal, determined that the last possible day the statute of limitations began to run was December 8, 1995, Chapa's last day of work, thus his petition filed December 24, 1997 was plainly time barred. The chief deputy further found that the limitations period on Chapa's claim may have begun running as early as 1983. In either event, his claim was barred under section 85.26(1).

Chapa sought judicial review under Iowa Code chapter 17A. In addition to the arguments made before the agency, Chapa argued he could not have recovered benefits for tinnitus until this court's decision in *Ehteshamfar v. UTA Engineered Systems Division*, 555 N.W.2d 450 (Iowa 1996). In *Ehteshamfar*, this court held that tinnitus should be compensated as an injury to the body as a whole, rather than as a hearing loss, because the condition arises, not from an inability to hear, but from the percep-

tion of sounds that do not exist. 555 N.W.2d at 453.

The district court rejected all Chapa's claims, agreeing that the record supported the commissioner's findings and determining, as a matter of law, that *Ehteshamfar* did not toll the statute of limitations in Chapa's case. This appeal by Chapa followed.

## II. Scope of Review.

■ Our review is limited to the correction of errors at law. *Herrera v. IBP, Inc.*, 633 N.W.2d 284, 286–87 (Iowa 2001). We are bound by the agency's factual findings so long as they are supported by substantial evidence. *Id.* at 287. "Evidence is substantial if a reasonable person would find it adequate for reaching a conclusion, even though a reviewing court might reach a contrary inference." *Oscar Mayer Foods Corp. v. Tasler*, 483 N.W.2d 824, 830 (Iowa 1992).

## III. Applicable Law.

■ It is undisputed that Chapa's claim arises under Iowa Code chapter 85. The pertinent statute of limitations for such claims is "two years from the date of the occurrence of the injury for which benefits are claimed. . . ." Iowa Code § 85.26(1). Where, as here, the injury complained of is not traumatic but cumulative, the worker is entitled to the benefit of the discovery rule. *See Herrera*, 633 N.W.2d at 287. In such a case, the statute of limitations does not begin to run until the worker recognizes, or should recognize, the "nature, seriousness and probable compensable character" of the disability. *Orr v. Lewis Cent. Sch. Dist.*, 298 N.W.2d 256, 257 (Iowa 1980); *accord Herrera*, 633 N.W.2d at 287. A worker's knowledge of the three triggering factors may be actual or imputed from the record. *Ranney v. Parawax Co.*, 582 N.W.2d 152, 154–55 (Iowa 1998).

## IV. Analysis.

This case hinges on the determination of when Chapa knew or should have known the probable compensable nature of his claim for tinnitus. Chapa however poses two challenges to the commissioner's ruling. First he argues the record fails to support the commissioner's finding that he knew or should have known the relationship between his tinnitus and his work environment by 1983. He next contends his claim was not legally compensable at all until our 1996 *Ehteshamfar* decision because, until then, he could not have known the probable compensable nature of his claim. We shall consider the arguments in turn.

■ *A. Evidentiary sufficiency.* Given the record before us, there can be little doubt that a reasonable fact finder could conclude that Chapa was aware of the nature and seriousness of his injury long before his retirement from the company in 1995. Chapa admits first noticing a "very strange" ringing in his ears in 1983. He definitely associated the onset of the condition with the marriage of his daughter that same year. The sound awakened him from sleep, affecting his concentration at work. Because ringing in the ears *is* the nature of tinnitus, these facts support the finding that Chapa realized the nature of his injury in 1983.

Chapa also recognized the seriousness of the tinnitus by 1983. Because the condition affected his sleep, he felt tired and less alert at work. His ability to concentrate on tasks suffered. He felt the condition made him talk louder, negatively affecting communication with his co-workers. A reasonable person could find these effects, taken together, made Chapa aware of the seriousness of his injury. In fact that is the only conclusion to be drawn from this record.

The real question is when Chapa knew, or by reasonable inquiry, should have known the probable compensable nature of his injury. *See Ranney*, 582 N.W.2d at 155. From his conversations with the company audiologist and his co-workers, Chapa had concluded that the condition was something he would merely have to "live with." He claims that he did not really understand the relationship between his tinnitus and noise exposure at the factory until the condition was formally diagnosed by his physician in 1997. In *Ranney*, however, this court reiterated the longstanding rule that a worker has a duty to investigate whether an injury—even a latent one—is work-related and, hence, potentially compensable. *Id.* Under this rule of inquiry notice, neither the lack of positive medical information nor lack of an expert opinion will prevent commencement of the statute of limitations. *Id.* at 155–56.

### ▪ B. Ehteshamfar's impact on compensability.

Plainly Chapa realized or should have realized the connection between the tinnitus and his work environment in the mid–1980s. Yet he argues on appeal that until this court's decision in *Ehteshamfar*, his condition would not have been compensable.

Chapa's reliance on *Ehteshamfar* is misplaced. There we observed that tinnitus, although a condition related to hearing, does not meet the statutory definition of occupational hearing loss, that is, "permanent sensorineural loss of hearing in one or both ears in excess of twenty-five decibels." *Ehteshamfar*, 555 N.W.2d at 453 (quoting Iowa Code § 85B.4(1)). Tinnitus in fact "causes a person to perceive sounds that do not exist." *Id.* Because the condition, although disabling, involves no hearing *loss*, we held "it should be compensated under Code section 85.34(2)(u)," the catchall section for disabilities not specifi-

cally described in section 85.34(2)(a)-(t). *Id.*

*Ehteshamfar* did not hold, as Chapa suggests, that tinnitus would not have been compensable prior to the case's filing in 1996. The case merely clarified the way in which the condition would be compensated—as an injury to the body as a whole, rather than as a hearing loss. Chapa is mistaken when he claims that the third prong of the three-part *Orr* test could not have been met until 1996. Had he filed his claim in 1983, when on inquiry notice concerning the serious nature of his injury and its relationship to his work, perhaps the controlling case on benefits for tinnitus would have been *Chapa v. Deere*, instead of *Ehteshamfar*.

The limitations period of section 85.26(1) is designed to protect both the claimant and the employer. *Swartzendruber v. Schimmel*, 613 N.W.2d 646, 649 (Iowa 2000). It protects the claimant by allowing time "to investigate the claim and establish grounds to file a petition," while permitting the employer to avoid indefinite liability for potential claims. *Id.* But the burden of justifying an extension of the statute's deadline based on the discovery rule falls on the worker asserting it. *Ranney*, 582 N.W.2d at 154. Chapa has failed to meet that burden here.

We affirm the district court's decision on judicial review, thereby affirming the agency's dismissal of Chapa's petition.

**AFFIRMED.**