# IN THE COURT OF APPEALS OF IOWA

No. 21-0265
Filed March 30, 2022

**CITY OF HARLAN,**
        Plaintiff-Appellee,

**vs.**

**JIM THYGESEN,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Heather Lauber, Judge.


        Jim Thygesen appeals the district court's ruling on judicial review reversing the decision of the Iowa Workers' Compensation Commissioner awarding compensation benefits. **AFFIRMED.**


        Jason D. Neifert of Neifert, Byrne & Ozga, P.C., West Des Moines, for appellant.

        D. Brian Scieszinski of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.


        Heard by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**VAITHESWARAN, Judge.**

Jim Thygesen began working for the City of Harlan's wastewater treatment plant in 1981. Over the years, he developed hearing loss and tinnitus.

Thygesen filed a claim for workers' compensation benefits in 2016, alleging he sustained his injuries on "December 17, 2014; February 4, 2015" due to "[c]umulative impact of [his] exposure to noise in the work environment." He alleged December 17, 2014, was the date he 'was given audiogram results" and February 4, 2015, was "the date assigned by the employer." The City responded with two affirmative defenses: (1) Thygesen failed to timely notify it of the injury and (2) Thygesen failed to timely file his claim. A deputy workers' compensation commissioner rejected both affirmative defenses and awarded Thygesen permanent partial disability benefits. On intra-agency appeal, the workers' compensation commissioner affirmed the decision.

The City sought judicial review of the final agency decision. The district court reversed the decision.

On appeal, Thygesen contends the district court erred in "reaching different factual conclusions than the commissioner with respect to the date of injury and date of discovery" of his hearing loss and tinnitus. In response, the City does not challenge the commissioner's fact findings but argues "the agency erred in applying the law to the findings of fact" with respect to the timeliness of Thygesen's filing of his claim.[1] The arguments implicate two standards of judicial review: (1) whether the agency's fact findings are supported by substantial evidence and

---

[1] The City focuses exclusively on the timeliness of Thygesen's filing; it does not reprise its assertion that Thygesen failed to provide timely notification of his injury.

(2) whether the agency's application of law to fact is irrational, illogical, or wholly unjustifiable. *See* Iowa Code § 17A.19(10)(f), (m) (2019).

The law is well established. An employee must bring an original proceeding for workers' compensation benefits "within two years from the date of the occurrence of the injury for which benefits are claimed." *Id.* § 85.26(1) (2016).[2] "[W]hen the disability develops over a period of time[,] then the compensable injury itself is held to occur at the later time." *McKeever Custom Cabinets v. Smith*, 379 N.W.2d 368, 373 (Iowa 1985). This is known as the "cumulative injury rule." *Id.* The cumulative injury rule is distinct from the discovery rule. *Id.* "[A]lthough an injury may have occurred, the statute of limitations period does not commence until the employee, acting as a reasonable person, recognizes its 'nature, seriousness and probable compensable character.'" *Herrera v. IBP, Inc.*, 633 N.W.2d 284, 287 (Iowa 2001) (quoting *Orr v. Lewis Cent. Sch. Dist.*, 298 N.W.2d 256, 257 (Iowa 1980)). In other words, "The preferred analysis is to first determine the date the injury is deemed to have occurred . . . , and then to examine whether the statutory period commenced on that date or whether it commenced upon a later date based upon application of the discovery rule." *Id.* at 288.

The deputy commissioner, whose findings were affirmed by the commissioner, found that Thygesen "knew he was having problems with his hearing ten years ago" and "he thought his hearing problems were related to his

---

[2] The provision has been amended to state, "For the purposes of this section, 'date of the occurrence of the injury' means the date that the employee knew or should have known that the injury was work-related." 2017 Iowa Acts ch. 23, § 3. The provision as amended applies to injuries occurring on or after July 1, 2017. 2017 Iowa Acts ch. 23, § 24. Thygesen's injury occurred before the effective date of the amendment.

work." These findings are supported by substantial evidence. The findings answer the first question—when the injury manifested itself. *See id.* ("[A] cumulative injury is manifested when the claimant, as a reasonable person, would be plainly aware (1) that he or she suffers from a condition or injury, and (2) that this condition or injury was caused by the claimant's employment."). The findings establish that Thygesen's injuries "manifested" many years before the 2014 and 2015 dates alleged in his workers' compensation petition. *See id.*

The cited findings do not answer the second question—when the statute of limitations began to run in light of the discovery rule. *Id.* ("[B]y virtue of the discovery rule, the statute of limitations will not begin to run until the employee also knows that the physical condition is serious enough to have a permanent adverse impact on the claimant's employment or employability."). On that question, the deputy commissioner found Thygesen "didn't know then what the severity was." The deputy further found Thygesen's testimony credible, a finding to which the commissioner deferred. Again, the deputy's finding concerning Thygesen's lack of knowledge about the severity of his injury is supported by substantial evidence. *See Midwest Ambulance Serv. v. Ruud*, 754 N.W.2d 860, 865 (Iowa 2008) ("The question of whether a claimant knew, or should have known, of the nature, seriousness, and probable compensability of her injury is a question of fact to be determined by the commissioner."). We, too, give "deference to the credibility determination[] of the presiding officer." *Broadlawns Med. Ctr. v. Sanders*, 792 N.W.2d 302, 306 (Iowa 2010).

But there is an additional component to application of the discovery rule— whether the claimant had "knowledge of facts sufficient to trigger a duty to

investigate . . . the nature, seriousness, and probable compensable character of the[] injury." *Baker v. Bridgestone/Firestone*, 872 N.W.2d 672, 683 (Iowa 2015) (internal citation and quotations omitted). The deputy commissioner found:

> The record does not support Thygesen knew *or in the exercise of reasonable diligence should have recognized the seriousness and probable compensable character of his hearing loss in June 2012*. The record does not support Thygesen recognized the seriousness and probable compensable character of his hearing loss before the City received actual notice of the injury during Thygesen's discussions with his supervisor [] and [] the administrator for the City, six months before he filed the February 2015 employee work injury report.

(Emphasis added.) The commissioner affirmed the determination. It was here that the district court parted ways with the commissioner. The court stated "[t]here is no evidence in the record" Thygesen pursued his "duty to investigate his injury."

Indeed, there was not. It is undisputed that the City tested Thygesen's hearing from March 2, 1992, through September 2, 2015. Thygesen did not request written copies of the test results until October 2014 even though he was verbally apprised well before that date that he had some hearing loss. Thygesen conceded he always thought his problems were work-related. Although he claims he did not learn of the compensable nature of the loss until he spoke to his supervisor and city administrator in 2014, nothing prevented him from obtaining that information when he learned his hearing loss was tied to his employment. *See Chapa v. John Deere Ottumwa Works*, 652 N.W.2d 187, 190 (Iowa 2002) (concluding a claimant had a duty to investigate the compensable nature of his injury where he "realized the connection between the tinnitus and his work environment in the mid-1980s"); *see also Martin v. City of Harlan*, No. 5057038, 2019 WL 4452349, at *6 (Iowa Workers' Comp. Comm'n Aug. 26, 2019) ("I find the

fact that claimant did not actually know until November 2014 that he could make a claim makes no difference. I find that because claimant recognized the nature, the seriousness and the work-relatedness of his hearing loss and tinnitus, that realization should have prompted claimant long before November 2014 to investigate whether he had a compensable workers' compensation claim."); *cf. Int'l Paper Co., Inc. v. Bueker*, No. 08-1536, 2009 WL 1218693, at *5 (Iowa Ct. App. May 6, 2009) (concluding substantial evidence supported a finding that the claimant did not know the probable compensable nature of his tinnitus before 2004, as the employer claimed).

The absence of evidence to support a finding necessarily means the absence of substantial evidence to support the finding. We need not engage in a forbidden "scrutinizing analysis of the commissioner's finding" to make that determination. *See Ruud,* 754 N.W.2d at 866 (quoting *Terwilliger v. Snap-On Tools Corp.*, 529 N.W.2d 267, 272 (Iowa 1995)). We simply need to apply the statutory test as written, assessing "the quantity" of evidence "to establish the fact at issue" as well as "the adequacy of the evidence in the record." Iowa Code § 17A.19(10)(f)(1), (3). On our review of the record as a whole, we are persuaded the record lacks substantial evidence to support the agency finding that Thygesen "in the exercise of reasonable diligence," could not "have recognized the . . . probable compensable character of his hearing loss in June 2012."

Even if substantial evidence supported the finding, we agree with the City that the agency's application of law to fact was "irrational, illogical, or wholly unjustifiable." *See* Iowa Code § 17A.19(10)(m); *Ruud*, 754 N.W.2d at 865. As noted, substantial evidence supported the findings that Thygesen's injury

manifested a decade before he filed his claim and Thygesen knew the injury was work-related.  Under the cited law, those two facts triggered a duty to investigate the probable compensable nature of the claim.  As the district court concluded, the agency's contrary determination required reversal.

**AFFIRMED.**